# UNITED STATES DISTRICT COURT
# SOUTHERN DISTICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JOE CHANDLER, <br>     Plaintiff, | Case No. 1:20-cv-0967 <br> Cole, J. <br> Litkovitz, M.J. |
| vs. | |
| CITY OF CINCINNATI, et al., <br>     Defendants. | **REPORT AND** <br> **RECOMMENDATION** |

Plaintiff Joe Chandler filed the pro se complaint in this action against defendants Cedric Robinson and the City of Cincinnati (City). (Doc. 1). Plaintiff brings two claims against the City for violations of his rights under Title VII of the Civil Rights Act of 1964 (Title VII), as amended, and Ohio Rev. Code § 4112.02. (*Id*. at PAGEID 3-4). Plaintiff claims he was harassed and constructively discharged by the City in retaliation for opposing sexual harassment by defendant Robinson (Count I), and the City discriminated against him based on his race by treating him less favorably than similarly situated African American firefighters (Count II). Plaintiff also brings a claim against defendant Robinson under state law for aiding and abetting the City's alleged harassment, retaliation, and discrimination in violation of Ohio Rev. Code § 4112.02(J). (Count III). This matter is before the Court on defendants' motion to dismiss the complaint for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6) (Doc. 6), plaintiff's opposing memorandum (Doc. 9), and defendants' reply in support of their motion (Doc. 10).

## I. Factual background

### A. Allegations in the complaint

Plaintiff makes the following factual allegations in the complaint: Plaintiff is a Caucasian man who worked for the City as a firefighter and provided "good and faithful service" from March 1990 until August 1, 2019. (Doc. 1 at PAGEID 1). During his employment, defendant Robinson, an African American employee of the Cincinnati Fire Department with the higher rank of captain, sexually harassed plaintiff by pressuring him for sexual favors and sending plaintiff "sexual and pornographic messages and images." (*Id.* at PAGEID 2). Plaintiff felt pressured to submit to this "harassing behavior." (*Id.*).

In 2010, plaintiff filed an internal complaint with the City alleging that defendant Robinson sexually harassed him. (*Id.*). Defendant Robinson was subsequently reprimanded for sending pornographic images to plaintiff. (*Id.*). However, the alleged sexual harassment continued, and defendant Robinson threatened retaliation if plaintiff did not withdraw his internal complaint. (*Id.*). Robinson told plaintiff, among other things, "If you f--- with one of us, you f--- with all of us." (*Id.*).

Plaintiff filed a charge of retaliation against the City with the Equal Employment Opportunity Commission (EEOC) in 2016.[1] Plaintiff alleged in the charge that he had been experiencing retaliatory harassment since filing the 2010 internal complaint against Robinson. (*Id.*; *see* Doc. 6-1 at PAGEID 81-82). Plaintiff alleges in the complaint that defendants

---

[1] The Court has considered two EEOC charges that are referenced in the complaint and the notice-of-right-to-sue issued by the EEOC on the charges, all of which are part of the case record. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (in ruling on a motion to dismiss under Rule 12(b)(6), the court can consider "exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the Complaint and are central to the claims contained therein."). *See also Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 399 (6th Cir. 2012) (the court may consider a document that was not attached to the complaint but appears in the record so long as it was referred to in the complaint and is central to the claims included in the complaint).

"intensified their retaliatory activities against him" after he filed the 2016 EEOC charge. (Doc. 1 at PAGEID 2). Plaintiff alleges that defendants continued to harass him by "bypassing him for overtime opportunities, denying him sick pay, issuing unwarranted reprimands to him, threatening his job, placing him on leave without pay, and demoting him to a 'traveler' position in the department." (*Id.* at PAGEID 2-3). Plaintiff alleges that "[i]n many of these instances, [he] was also treated differently than similarly situated African-American firefighters in the department." (*Id*. at PAGEID 3). Plaintiff claims that after several years of harassment "so intense and relentless that no reasonable person would be expected to endure it," he was "forced to resign . . . on or about August 1, 2019." (*Id.*).

Plaintiff filed a second EEOC charge against the City alleging retaliation and sex/race discrimination. (*Id.*; *see* Doc. 2 at PAGEID 12). Plaintiff alleges he filed this suit within 90 days of his receipt of a notice-of-right-to-sue on the charge from the EEOC, which the EEOC issued on September 1, 2020. (Doc. 1 at PAGEID 3; Doc. 2 at PAGEID 9).

**B. EEOC charges**

Plaintiff filed his first EEOC charge against the City on November 9, 2016, alleging he had been subjected to "a pattern of retaliatory harassment" since filing the 2010 internal complaint. (Doc. 6-1 at PAGEID 81-82). Plaintiff alleged that after he returned from "an injury leave" in January of 2016, his new direct superior Lieutenant Oliver told plaintiff on February 3, 2016 that he "had concerns about [plaintiff] reporting Cedric Robinson in the past" and "wondered what [plaintiff] might do to [Oliver]." (*Id*. at PAGEID 82). Plaintiff told Oliver that there had been a pattern of retaliation since he had filed charges against Robinson; plaintiff "had problems with some of the African American officers who [he] believed were part of the retaliation"; and plaintiff was concerned about "some of the comments" the officers had made

3

about him. (*Id.*). Plaintiff alleged that shortly after that conversation, he was subjected to "a psychological fitness for duty examination and was taken 'off track.'" (*Id.*). Plaintiff further alleged that after he returned to work on March 19, 2016, he was placed in a "traveler" position and his requests for a transfer were denied. (*Id.*). Plaintiff alleged he believed the City's "ongoing pattern of conduct," including Oliver's comments and the fitness for duty examination, were in retaliation for his complaint against Robinson. (*Id.*). The EEOC dismissed the November 2016 charge and issued a notice-of-right-to-sue on July 11, 2017. (Doc. 6-1 at PAGEID 39). Plaintiff did not file suit on the November 2016 charge.

Plaintiff filed his second EEOC charge against the City on April 16, 2020, alleging race/sex discrimination and retaliation because of his complaints about discrimination and harassment. (Doc. 2 at PAGEID 12). Plaintiff reiterated allegations made in his November 9, 2016 EEOC charge which led up to the filing of that charge, i.e., that plaintiff had been harassed and retaliated against since filing the 2010 internal complaint against Robinson; Lieutenant Oliver had told plaintiff he had trust issues with him because of the complaint against Robinson; plaintiff was required to undergo a fitness for duty examination after the conversation and was put on leave without pay; and plaintiff was placed in a traveler position when he returned to work. (Doc. 2 at PAGEID 12). Plaintiff also alleged in the 2020 EEOC charge that in 2012, he used sick leave to avoid working under defendant Robinson and a superior refused to pay the sick leave because "there was 'no leave code for not liking a supervisor'"; in 2013, he was written up when a radio "went missing" during his shift; in 2015, it took plaintiff "weeks" to resolve a 48-hour discrepancy in his pay; plaintiff reported Oliver's January 2016 comments to human resources together with a "Facebook conversation" in which "Captain Wilson" said he intended to disband plaintiff's unit and eliminate plaintiff's position; plaintiff was cleared by a

City physician after his fitness for duty examination but was required to see a counselor and follow their recommendations; and after his return to work, plaintiff was denied overtime assignments and his pay for a day that he worked was deducted from his "sick bank." (Doc. 2 at PAGEID 12). Plaintiff alleged that after he filed the first EEOC charge regarding these incidents in November 2016 and an internal human resources complaint in April of 2017, "[t]hese petty retaliatory acts against me continued throughout 2017 and 2018." (*Id.*). Plaintiff alleged that after he was diagnosed with a disability in the fall of 2018 and was forced to use vacation time when his sick pay ran out, he was then disciplined on an unspecified date for not having enough vacation leave. (*Id.*). Plaintiff alleged that he was forced to retire in August 2019 to escape the retaliation. (*Id.*). The EEOC closed its investigation on the 2020 charge and issued a notice-of-right-to-sue on September 1, 2020. (Doc. 2 at PAGEID 9). Plaintiff filed this lawsuit on December 1, 2020. (Doc. 1).

## II. Defendants' motion to dismiss

Defendants move to dismiss the complaint on the grounds the complaint is untimely, it is not supported by sufficient facts, and plaintiff has failed to exhaust his administrative remedies. (Doc. 6 at PAGEID 26). Defendants argue that plaintiff has not complied with the timely filing requirements for bringing an EEOC charge and for filing suit after receipt of a notice-of-right to sue from the EEOC. In his one-page opposing memorandum, plaintiff does not address defendants' exhaustion arguments and does not deny that he failed to timely exhaust his administrative remedies. (Doc. 9).

### A. Motion to dismiss standard

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Total*

*Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). The factual allegations in the complaint must give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). The complaint must also allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A pro se plaintiff's complaint will be held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized that "basic pleading essentials" have not been "abrogated" for pro se litigants. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). Pro se plaintiffs must still comply with the requirement to provide "more than bare assertions of legal conclusions . . . to satisfy federal notice pleading requirements." *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). A pro se plaintiff must plead "surrounding facts to support the [legal] conclusion stated in [a] claim" or else "he fails to state a claim." *Id*.

B. **Exhaustion of administrative remedies**

A plaintiff must exhaust his administrative remedies as "a precondition" to filing a Title VII lawsuit. *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008) (citing *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002); *Benford v. Frank*, 943 F.2d 692, 612 (6th Cir. 1991)). Before filing a discrimination lawsuit under Title VII, a plaintiff must first file a timely administrative charge with the EEOC. *Williams v. N.W. Airlines, Inc.*, 53 F. App'x 350, 351-52 (6th Cir. 2002) (citing 42 U.S.C. § 2000e-5(e)). The statute of limitations for filing a charge is either 180 or 300 days, depending on whether the alleged discriminatory act occurred in a "deferral" state. *Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001) (citing 42 U.S.C. §

2000e-5(e)(1)).  If the alleged unlawful practice occurred in a "deferral" state, such as Ohio, the plaintiff must file a charge with the EEOC within 300 days of the alleged discriminatory act.  *Id*.  The applicable statute of limitations for filing a charge begins to run from the date of "the alleged unlawful employment practice[.]"  *Id*. (quoting 42 U.S.C. § 2000e–5(e)(1)).  Once the EEOC dismisses a charge and issues a notice-of-right-to-sue, the plaintiff has 90 days to file a civil action.  *N.W. Airlines, Inc.*, 53 F. App'x at 351 (citing 42 U.S.C. § 2000e-5(f)(1)).  It is appropriate to dismiss a Title VII action for failure to timely exhaust administrative remedies.  *Id*. at 352 (citation omitted).  The time limits for filing an EEOC charge and for filing a civil action once the EEOC dismisses the charge and issues a notice-of-right-to-sue may be equitably tolled.  *Id*. (citing *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982)).  For equitable tolling to apply, the plaintiff must demonstrate facts showing that he has been diligent in pursuing his claims.  *Id*. (citing *Morgan v. Washington Mfg. Co*., 660 F.2d 710, 712 (6th Cir. 1981)).

A plaintiff cannot rely on more recent allegations to revive otherwise time-barred Title VII claims.  *See Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113 (2002).  "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.  Each discrete discriminatory act starts a new clock for filing charges alleging that act."  *Id*.  Thus, if the plaintiff does not timely file an EEOC charge within 300 days of an unlawful employment practice, or file suit on a charge within the 90-day window, he cannot "resurrect the same claims by including them in a new EEOC charge, restarting the process and resetting the limitations clock."  *Hollimon v. Shelby County Government*, 325 F. App'x 406, 409 (6th Cir. 2009) (noting that "a plaintiff who misses the 90-day window" cannot revive the time-barred claims by including them in a new charge) (citing *Adams*

*v. Tenn Dep't of Fin. & Admin.*, 179 F. App'x 266, 271 (6th Cir. 2006); *Brown v. Unified Sch. Dist. 501*, 465 F.3d 1184, 1186 (10th Cir. 2006)).  In the same vein, a plaintiff's claim that he has "suffered the continuing effects of past discriminatory acts within the statutory time period is not sufficient to make out a claim of continuing discrimination, where the underlying acts themselves are time-barred."  *Williams v. Gen. Motors*, No. 1:13-cv-00336, 2014 WL 4199360, at *6 (S.D. Ohio Aug. 22, 2014) (citing *Leffman v. Sprint Corp.,* 481 F.2d 428, 431 (6th Cir. 2007)).

However, "[t]he existence of a past discriminatory act 'does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed.'"  *Holliman,* 325 F. App'x at 409 (quoting *Morgan,* 536 U.S. at 113).  Thus, in *Holliman*, an earlier EEOC charge the plaintiff had filed based on her suspension did not preclude the plaintiff from filing a timely EEOC charge based on her discharge, which was a separate and discrete discriminatory act.  *Id*.

Here, the allegations of the complaint, considered together with the EEOC documents, do not support a finding that plaintiff exhausted his administrative remedies.  Plaintiff filed the first of his two EEOC charges on November 9, 2016.  (Doc. 6-1 at PAGEID 81-82).  Plaintiff alleged that he lodged a formal sexual harassment complaint against Robinson with the City's human resources department in 2010, Robinson was later disciplined on an unspecified date, and plaintiff had been subjected to a "pattern of retaliatory harassment" since that time.  (*Id*. at PAGEID 82).  Plaintiff described alleged instances of retaliation that occurred on a few specific dates.  First, plaintiff alleged that Oliver spoke with him on February 3, 2016 about concerns Oliver had about plaintiff reporting Robinson in the past and about what plaintiff might do to Oliver.  (*Id*.).  Further, plaintiff alleged that after he told Oliver about a pattern of retaliation

plaintiff had experienced since filing a charge against Robinson, plaintiff was "ordered to a psychological fitness for duty examination and taken 'off track.'" (*Id*.). In addition, plaintiff alleged in the EEOC charge that although he had requested a transfer for months before he returned to work on or about March 19, 2016 and thereafter, he was not assigned a regular work location but instead was made a "traveler" who had to work at different locations throughout the City and fill in as needed. (*Id*.).

The EEOC closed its file on the November 2016 charge and issued a notice-of-right-to-sue on July 11, 2017. (Doc. 6-1 at PAGEID 39). Plaintiff did not file a lawsuit on the charge. Thus, plaintiff failed to exhaust his administrative remedies on any retaliation or discrimination claims raised in this lawsuit that are premised on unlawful employment practices alleged in the November 9, 2016 EEOC charge. *See* 42 U.S.C. § 2000e-5(f)(1).

Plaintiff has also failed to exhaust his administrative remedies for any retaliation or discrimination claims raised in this lawsuit that are premised on unlawful employment practices which predate the November 2016 EEOC charge but are not mentioned in the charge. These include plaintiff's claims that defendant Robinson sexually harassed plaintiff by "pressur[ing] him for sexual favors" and sending him "sexual and pornographic messages and images," and that defendant Robinson retaliated against and threatened plaintiff for filing a 2010 internal complaint by telling plaintiff, "If you f--- with one of us, you f--- with all of us." (Doc. 1 at PAGEID 2). The 2016 EEOC charge does not mention these incidents or claim that Robinson retaliated against plaintiff. (*See* Doc. 6-1 at PAGEID 82). The charge only vaguely alludes to "conduct that [plaintiff] believed to be sexual harassment" committed by defendant Robinson on unspecified dates without providing more detail. (*Id*.). Because an EEOC charge must include all instances of alleged retaliation or discrimination that occurred within 300 days preceding the

9

charge, plaintiff is precluded from bringing these claims now. *See N.W. Airlines*, 53 F. App'x at 352; *Amini*, 259 F.3d at 498. Plaintiff has not properly exhausted his administrative remedies as to any claims brought in this lawsuit that predate the November 2016 EEOC charge but were not included in the 2016 charge. Plaintiff has also failed to allege facts showing that he was diligent in pursuing his claims so that the 300-day limitation period should be tolled. *See N.W. Airlines, Inc.*, 53 F. App'x at 351.

Plaintiff has also failed to properly exhaust his administrative remedies as to all complaints he made in the April 16, 2020 EEOC charge about (1) discrimination based on race and sex, and (2) retaliation for complaints about discrimination and harassment. (*See* Doc. 2 at PAGEID 12). To be timely, any complaint must have been premised on a retaliatory or discriminatory act occurring within 300 days of the date the April 2020 charge was filed, which was June 21, 2019. *See Amini*, 259 F.3d at 498. The unlawful employment practices alleged in the 2020 EEOC charge predate the November 2016 charge and therefore occurred well over 300 days before plaintiff filed the April 2020 charge. (*See* Doc. 2 at PAGEID 12). Plaintiff realleged in the 2020 EEOC charge that his supervisors "harassed and retaliated against" him after he filed an internal sexual harassment complaint against Robinson in 2010, which is the same claim plaintiff made in his November 2016 EEOC charge; he realleged specific incidents of harassment and retaliation included in the first EEOC charge; and he alleged for the first time certain instances of retaliation which predated the November 2016 charge. (*Id*.). Plaintiff alleged in the 2020 charge that (1) in 2012, he was denied sick pay when he used sick leave to avoid working under defendant Robinson; (2) he was written up in 2013 because "a radio went missing" on his shift; (3) there was a "48-hour discrepancy" in plaintiff's pay in 2015 that took him "weeks to resolve"; (4) plaintiff's new supervisor, Lieutenant Oliver, told plaintiff he had

10

"trust issues" with him because of plaintiff's sexual harassment complaint against Robinson and because Oliver did not believe the allegations were true; (5) the City required plaintiff to undergo a fitness for duty exam, and plaintiff was put on leave while the exam was pending, after plaintiff reported to human resources Oliver's conversation and a "Facebook conversation" in which "Captain Wilson" said he intended to disband plaintiff's unit and eliminate plaintiff's position; (6) plaintiff was cleared for work but was required to meet with a counselor after the fitness for duty examination; (7) plaintiff was placed in a "traveler" position and his requests for a transfer were denied; (8) plaintiff was not selected for overtime assignments; and (9) a day that plaintiff was actually at work was deducted from his sick pay bank. (*Id*.). Because these alleged unlawful employment practices occurred more than 300 days before plaintiff filed the April 2020 EEOC charge, plaintiff failed to properly exhaust his administrative remedies by timely filing an EEOC charge complaining about these actions.

Further, plaintiff cannot revive these unexhausted claims by asserting them in the second EEOC charge he filed. Although plaintiff alleges a pattern of retaliation that began in 2010 after he filed an internal sexual harassment charge against Robinson, plaintiff cannot rely on a continuing violation theory to either toll the running of the 300-day clock to file an EEOC charge or to revive claims that he failed to file suit on within 90 days of the dismissal and issuance of the notice-of-right-to-sue on his prior charge. Plaintiff alleges numerous discrete acts involving different City employees that occurred over the course of several years. These discrete acts "start[] a new clock for filing charges alleging [each] act," and the EEOC charge "must be filed within the 180- or 300- day period after the discrete discriminatory [or retaliatory] act occurred." *Morgan*, 536 U.S. at 102. Including his previously raised claims in the 2020 EEOC charge does not "restart[] the process and reset[] the limitations clock" for those claims. *Hollimon,* 325

F. App'x at 409; *see also Morgan,* 536 U.S. at 113. Plaintiff was required to file a charge on any pre-November 2016 unlawful employment practice within 300 days of its occurrence and to file suit 90 days after the EEOC issued a notice-of-right-to-sue on the 2016 charge. Plaintiff cannot revive any time-barred claims that he raised (or could have raised) in his November 2016 charge by realleging them in the April 2020 EEOC charge. To the extent the April 2020 charge is based on alleged discriminatory or retaliatory actions that predate the November 2016 EEOC charge, plaintiff did not timely exhaust his administrative remedies.

Plaintiff likewise failed to timely exhaust his administrative remedies for any claims of retaliation and discrimination that post-date the November 2016 charge. Plaintiff only generally alleges in the 2020 EEOC charge that "these petty retaliatory acts" described *supra*, all of which predate the filing of the November 2016 charge, "continued throughout 2017 and 2018." (Doc. 2 at PAGEID 12). Plaintiff alleges he was forced to retire in August 2019 to "escape the retaliation." (*Id*.). However, plaintiff has not alleged sufficient facts to establish a continuing violation based on alleged unlawful employment practices that occurred after November 2016. Plaintiff does not describe in the 2020 charge the "petty retaliatory acts" that allegedly occurred in 2017 and 2018, he does not provide any specific dates for the acts, and he does not allege any facts to suggest that the actions were taken in retaliation for his protected conduct or to show that they were part of a pattern of retaliation. (*Id*.). Plaintiff alleges in the 2020 charge that he was diagnosed with a disability "[i]n the fall of 2018," and he was disciplined for not having enough vacation leave to cover his work-related absences after using all of his sick leave. (*Id*.). However, plaintiff does not allege any facts to show these actions were related to a discrimination or retaliation complaint or to tie this conduct into a larger retaliatory pattern. (*Id*.). Further, plaintiff does not specify any retaliatory or discriminatory acts that occurred

between 2018 and August 2019.  Plaintiff's vague allegation that he was forced to retire based on "retaliation" of an unspecified nature that occurred on unknown dates is insufficient to support a finding that he was retaliated or discriminated against after June 21, 2019, which is 300 days before he filed the April 2020 EEOC charge.  Plaintiff cannot rely on his termination "to pull in the time-barred discriminatory [or retaliatory] act[s]" he alleged in the EEOC charge.  *Morgan*, 536 U.S. at 113.  Because plaintiff has not alleged sufficient facts to show he timely exhausted his administrative remedies for the unlawful employment practices alleged in the April 2020 EEOC charge, his retaliation and discrimination claims arising out of that charge should be dismissed.  *See Twombly*, 550 U.S. at 570 (the complaint must allege "enough facts to state a claim to relief that is plausible on its face").

Plaintiff failed to properly exhaust his administrative remedies for his retaliation and discrimination claims brought against the City under Title VII.  Those claims should be dismissed for failure to state a claim upon which relief can be granted.

**C. Supplemental jurisdiction**

Plaintiff brings his state law claims against the City and defendant Robinson under the Court's supplemental jurisdiction.  (Doc. 1).  It is well-established that when a district court dismisses all claims over which it has original jurisdiction, the court should decline to exercise supplemental jurisdiction over a plaintiff's state law claims.  28 U.S.C. § 1367(c)(3); *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (noting that "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed" (quotation omitted)).  The district court should maintain supplemental jurisdiction over a plaintiff's state law claims only where required by "the interests of judicial economy and the avoidance of multiplicity of

litigation." *Moon v. Harrison Piping Supply,* 465 F.3d 719, 728 (6th Cir. 2006) (citation omitted). Those interests would not be served by maintaining supplemental jurisdiction over plaintiff's state law claims in this case. The Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims and dismiss those claims without prejudice.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendants' motion to dismiss (Doc. 6) be **GRANTED** and that plaintiff's Title VII claims against the City be **DISMISSED with prejudice** and plaintiff's state law claims against the City and Robinson be **DISMISSED without prejudice**.

Date: 6/26/2021

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JOE CHANDLER,  
    Plaintiff,

Case No. 1:20-cv-0967  
Cole, J.  
Litkovitz, M.J.

vs.

CITY OF CINCINNATI, et al.,  
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).