# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOE CHANDLER,

    Plaintiff,

v.

CITY OF CINCINNATI, et al.,

    Defendants.

Case No. 1:20-cv-967
JUDGE DOUGLAS R. COLE
Magistrate Judge Litkovitz

## OPINION AND ORDER

This cause is before the Court on: (1) Defendants' Motion to Dismiss (Doc. 6) under Federal Rule of Civil Procedure 12(b)(6); (2) the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 11) that the Court dismiss Chandler's federal claims with prejudice and dismiss Chandler's state-law claims without prejudice; and (3) Chandler's Objection to that R&R (Doc. 12). For the reasons below, the Court **OVERRULES** Chandler's Objection, **ADOPTS** the R&R, **GRANTS** the Defendants' Motion with respect to Chandler's federal claims, and **DISMISSES** those claims **WITH PREJUDICE.** Because the Court declines to exercise supplemental jurisdiction over Chandler's state-law claims, the Court **DISMISSES** those claims **WITHOUT PREJUDICE**.

## BACKGROUND

Joe Chandler is a retired firefighter for the City of Cincinnati. He began working for the City's fire department in March 1990. He claims that, during his employment, a captain of the fire department—Defendant Cedric Robinson—sexually harassed him. Robinson allegedly harassed Chandler by, among other things,

pressuring him for sexual favors and sending him pornographic messages and images. Given Robinson's superior rank and authority, Chandler says he felt pressured to submit (and did submit) to Robinson's harassment.

In 2010, Chandler filed an internal complaint against Robinson with the City, and Robinson was later reprimanded for sending pornographic images to Chandler. Not only did the harassment continue, however, Chandler claims that Robinson also threatened him with retaliation if he complained further.

In November 2016, Chandler filed an EEOC charge against the City. He claimed that the fire department retaliated against him for his 2010 internal complaint by, among other things, giving him unfavorable work assignments. And he singled out the fire department's African American employees, claiming they had retaliated against him because he is white and Robinson is black. In July 2017, the EEOC dismissed the charge and issued a notice-of-right-to-sue. Years went by, and Chandler did not sue.

Chandler brought a second EEOC charge against the City in April 2020. In the second charge, he: (1) reiterated allegations he had made in his November 2016 charge; (2) added new discrimination allegations that, although predating his 2016 charge, did not appear in that charge; and (3) added new allegations of discriminatory conduct that occurred in 2017 and 2018. "It was clear," he explained, "that the only way to escape the retaliation was to retire, and [he] did so in August 2019." (Mot. to Dismiss Ex. 2, Doc. 6-2, #118[1]).

---

[1] Refers to PageID#.

The EEOC dismissed Chandler's suit against the City and issued a notice-of-right-to-sue on September 1, 2020. Proceeding pro se, Chandler filed this lawsuit against the City and Robinson on December 1, 2020. He brings two claims against the City: one for retaliation and harassment, the other for race discrimination. He alleges violations of Title VII of the 1964 Civil Rights Act and O.R.C. § 4112.02 for both claims. He also asserts a claim against Robinson, alleging that Robinson violated Chandler's rights under O.R.C. § 4112.02(J) by aiding and abetting the City's alleged "harassment, retaliation, and discrimination." (Compl., Doc. 1, #5).

This case was referred to a Magistrate Judge. The Defendants then filed a Motion to Dismiss (Doc. 6). In the R&R (Doc. 11), the Magistrate Judge recommends granting that motion and dismissing Chandler's case with prejudice for failing to timely file suit and to exhaust his administrative remedies.

The Magistrate Judge reasoned that all the claims that Chandler included in his November 2016 EEOC charge are now time barred because Chandler did not sue within ninety days of the EEOC issuing Chandler a notice-of-right-to-sue. 42 U.S.C. § 2000e-5(f)(1). As for the claims that predated his November 2016 charge, but which Chandler did not bring to the EEOC until April 2020, Chandler failed to administratively exhaust those claims by not bringing them to the EEOC within three-hundred days of the relevant discriminatory conduct. 42 U.S.C. § 2000e-5(e)(1). Likewise, in addition to being generally vague and unspecific, Chandler's claims relating to discriminatory conduct in 2017 and 2018 were not brought within three-hundred days of that conduct occurring. So, concluded the Magistrate Judge, all of

Chandler's federal claims were either time-barred or not properly exhausted. And because the case arose under the Court's federal question jurisdiction, *see* 28 U.S.C. § 1331, the Magistrate Judge recommended that the Court decline to exercise supplemental jurisdiction over Chandler's remaining state-law claims and dismiss those claims without prejudice. *See* 28 U.S.C. § 1367(c)(3); *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010).

Chandler has filed an Objection (Doc. 12) to the R&R, and the Defendants have filed a Response (Doc. 13). The matter is now ripe for the Court's decision.

## LAW AND ANALYSIS

When reviewing a magistrate judge's report and recommendation, "[a] judge ... shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

Chandler's Objection consists of two paragraphs spanning less than a page. The first paragraph is a rambling discourse on the nature of Robinson's alleged sexual harassment. To the extent that Chandler considers that paragraph a proper objection to the Magistrate Judge's R&R, he is mistaken. The paragraph "fail[s] to dispute in any meaningful way the legal basis on which the Report and Recommendation rests." *Rolle v. Braddock*, No. 1:19-CV-1015, 2021 WL 3417482, at *2 (S.D. Ohio Aug. 4, 2021). More specifically, in the R&R, "the Magistrate Judge did not analyze and reject the *merits* of [Chandler's] claims. Rather, she found that [Chandler] had failed to" timely file suit and to exhaust his administrative remedies. *Id.* Thus, at least on its

own, the first paragraph—which goes only to the alleged merits of Chandler's claims—does not constitute a proper objection to the R&R. *See id.*

The second (and last) paragraph of Chandler's Objection does not fare much better. This short paragraph states (in its entirety):

> On June 20, 2019[,] Cedric Robinson retaliated against me by [d]etailing me to another assignment away from my permanent assignment. The equivalent of a demotion. Permanent Officers and drivers are left in their assignment for the continuity of the fire department. This event was within the 300 days of the April 2020 filing.

This paragraph at least has the virtue of purporting to address the Magistrate Judge's determination that Chandler failed to administratively exhaust his post-2016 claims. The problem? This allegation was not included in his April 2020 EEOC charge. True, Chandler did allege that Robinson retaliated against him by giving him unfavorable assignments. But Chandler stated that this retaliation occurred in 2016 and, at best, suggested it continued into 2017 and 2018—not 2019. Needless to say, Chandler cannot fix his failure to exhaust his claims before the EEOC by making a new allegation in his Objection that was not included in his EEOC charge. Thus, nothing Chandler states in his Objection leads this Court to conclude that the R&R contains any error.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Chandler's Objection (Doc. 12), **ADOPTS** the Magistrate Judge's Report & Recommendation (Doc. 11), **GRANTS** Defendants' Motion to Dismiss (Doc. 6) this case under Rule 12(b)(6) with respect to Chandler's federal claims, and declines to exercise supplemental

jurisdiction over Chandler's state-law claims. The federal claims are therefore **DISMISSED WITH PREJUDICE**, the state claims are **DISMISSED WITHOUT PREJUDICE**, and the Clerk is **DIRECTED** to enter judgment accordingly.

**SO ORDERED.**

August 23, 2021
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**